USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/1/2019__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

-against-

ETHAN CAVE,

                Defendant.

18 Cr. 689-1 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On September 26, 2018, Defendant Ethan Cave and his co-Defendant Michael Fernandez were indicted for participation in a conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841 and 846, and the use of and discharge of firearms in connection with the alleged conspiracy in violation of 18 U.S.C. § 924. Indictment, ECF No. 2. Trial is scheduled to begin on September 16, 2019.

On March 13, 2019, Cave filed four pre-trial motions. ECF No. 34. Defendant moves for orders directing the Government to: (1) disclose uncharged crimes or other bad acts that it seeks to introduce at trial pursuant to Federal Rule of Evidence 404(b)(2); (2) provide a bill of particulars; (3) disclose any exculpatory evidence pursuant to *Brady v. Maryland* and its progeny; and (4) disclose any statements of co-conspirators that the Government seeks to introduce at trial pursuant to Federal Rule of Evidence 801(d)(2)(E).[1]

## DISCUSSION

I.    Disclosure of Uncharged Crimes or Other Bad Acts

First, Defendant moves for an order directing the Government to disclose uncharged crimes or other bad acts of Defendant that the Government seeks to introduce at trial. Def. Mem.

---

[1] [redacted]

at 2–6, ECF No. 36.

Pursuant to Federal Rule of Evidence 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at (b)(2). On request by a defendant in a criminal case, the Government must "provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice." *Id.* Rule 404(b) "sets no minimum time for action by the government in this request, nor would any time limit be appropriate, since the evidence the government wishes to offer may well change as the proof and possible defenses crystallize." *United States v. Matos-Peralta*, 691 F. Supp. 780, 791 (S.D.N.Y. 1988).

Defendant claims that upon information and belief, "the Government has obtained information pertaining to prior uncharged acts of the defendant, from various sources including but not limited to confidential informants and cooperators, which it has yet to disclose or has not been specifically charged as an overt act or in any of the substantive counts." Def. Mem. at 5. The Government responds that it "will provide notice of any Rule 404(b) evidence reasonably in advance of trial, affording the defense adequate opportunity to challenge the admission of any such evidence," and that it "recognizes the Court is likely to set a pretrial schedule addressing the timing of Rule 404(b)" disclosures. Gov't Mem. at 12, ECF No. 38. Courts in this district have denied motions for the early disclosure of Rule 404(b) evidence based on similar representations by the Government. *See, e.g.*, *United States v. Allums*, No. 97 Cr. 267, 1997 WL 599562, at *1 (S.D.N.Y. Sept. 25, 1997) ("The Government has agreed to produce this material in time so that

2

the defense may have an opportunity to challenge their admission; this is all that is required with respect to Rule 404(b) evidence.").

Defendant cites *United States v. Baum*, 482 F.2d 1325 (2d Cir. 1973), in support of his motion. Def. Mem. at 3–4. In that case, the Second Circuit reversed a defendant's conviction when the Government presented a witness to testify as to a prior crime of the defendant's, but there, the Government did not disclose the witness's identity until the day of his testimony, offered no reason for doing so, and the district court denied the defendant a one-day continuance to prepare for cross-examination of the witness. 482 F.2d at 1330–32. The posture of this case, in which trial is not scheduled to begin for months, presents a significantly different posture. Because the Court will set a schedule for the disclosure of Rule 404(b) evidence prior to trial, and considering the Government's representation that it will comply, Defendant's motion for early disclosure of Rule 404(b) material is DENIED.[2]

## II. Bill of Particulars

Defendant also moves for an order requiring the Government to provide a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). Def. Mem. at 13–15. Specifically, Defendant requests that the Government set forth: (a) "the conduct or acts of [Defendant] which constitute[] his engagement in the furtherance of the charged conspiracy"; (b) "the co-conspirators with whom, or on behalf of whom, he is alleged to have performed any such acts or conduct"; (c) "the extent [of the] agreement and its object"; (d) "the dates and locations of any meetings or conversations in which it is alleged that a conspiratorial agreement was made in

---

[2] Defendant also states that he is moving in the alternative for an order precluding the Government from offering the 404(b) evidence at trial. Def. Mem. at 2. However, Defendant contends later in his papers that he seeks an order directing the Government to disclose the evidence "in such sufficient and reasonable time that [he] may make a 404(b) motion to preclude the introduction of such evidence." *Id.* at 3, 6. Because the Court will set a schedule for the disclosure of such evidence that allows sufficient time for Defendant to file motions to preclude, Defendant's present motion for the preclusion of such evidence is DENIED without prejudice to renewal.

3

which the defendant joined the conspiracy"; (e) "the dates and locations of any acts in furtherance of the conspiracy performed by the defendant and the description of these acts"; (f) the identity of "all others known not named in the [i]ndictment with whom the defendant allegedly conspired"; and (g) "when the conspiracy began and ended so that a determination can be made of the value of statements made in the furtherance of the conspiracy." *Id.* at 15.

Rule 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling [the] defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).

> It is well within the discretion of the trial judge to determine whether a bill of particulars must be filed and its scope. That discretion must be informed, however, by certain well established considerations: whether the requested particularization is necessary to a defendant's preparations for trial and to the avoidance of unfair surprise at trial. It is not enough that the information would be useful to the defendant; if the defendant has been given adequate notice of the charges against him, the government is not required to disclose additional details about its case.

*United States v. Payden*, 613 F. Supp. 800, 816 (S.D.N.Y. 1985) (citations and footnote omitted). "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused. Thus, courts have refused to treat a bill of particulars as a general investigative tool for the defense, or as a device to compel disclosure of the Government's evidence or its legal theory prior to trial." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987) (citations omitted), *aff'd*, 875 F.2d 857 (2d Cir. 1989).

Defendant contends that although the Government has provided discovery to him, its "mass disclosure" provides "very few instances [in which Defendant's] involvement [is] easily

4

discernible," and that he is therefore "required to sift through the discovery in 'needle in a haystack fashion' for information relevant to his conduct in the charged conspiracy." Def. Mem. at 14. However, the main case Defendant cites for the proposition that a bill of particulars is therefore required here, *United States v. Bortnovsky*, is easily distinguishable from this matter. There, the defendants were charged with submitting fraudulent insurance claims for losses arising from staged burglaries, and the district court denied their request for a bill of particulars identifying the fraudulent documents and burglaries. 820 F.2d at 573–74. At trial, the Government introduced evidence of twelve burglaries, but only alleged four to have been staged; the Government also introduced "numerous" documents regarding the twelve burglaries, although it only alleged that three of the documents were fraudulent. *Id.* The Second Circuit found that without a bill of particulars, the defendants "were forced to establish their innocence by proving that eight of the burglaries put before the jury, which even the Government was uncertain were fake, actually occurred," and that "[i]n effect, the burden of proof impermissibly was shifted to [the defendants]." *Id.* at 574–75.

This case presents no such circumstances. Rather, it is comparable to other cases in this district denying requests for a bill of particulars that would set forth the precise details of a charged criminal conspiracy. *See, e.g.*, *United States v. Gonzalez*, No. 09 Cr. 481, 2010 WL 339698, at *4 (S.D.N.Y. Jan. 28, 2010) (denying a request for a bill of particulars setting forth "the date of every crack sale by every defendant; the time of every crack sale by defendant; the location of every crack sale by every defendant; and the participants in every crack sale by every defendant, including unindicted co-conspirators" on the grounds that it was "a transparent attempt to obtain additional, detailed discovery about the charged conspiracy"); *see also United States v. Cohen*, 518 F.2d 727, 733 (2d Cir. 1975) ("The Government need not, when charging conspiracy, set out with precision each and every act committed by the conspirators in the

5

furtherance of the conspiracy."); *United States v. Pacheco*, 902 F. Supp. 469, 474 (S.D.N.Y. 1995) ("In general, the government is not required to prove how or when the conspiracy was formed or how or when defendants joined the conspiracy.").

Here, the Government alleges in the indictment that from 2016 to the present, Defendant, along with his co-Defendant Michael Fernandez, conspired with others to distribute and possess with intent to distribute mixtures and substances containing a detectable amount of crack cocaine; and that in August 2018, they carried firearms that were discharged in furtherance of the narcotics conspiracy. Indictment at 1–2. Although the indictment is somewhat sparse in detail, the Court concludes that its charges are not "so general that they do not advise the defendant of the specific acts of which he is accused." *Feola*, 651 F. Supp. at 1132.[3]

Accordingly, Defendant's request for a bill of particulars is DENIED.

III.    *Brady* and *Giglio* Material

Next, Defendant moves for an order requiring the Government to disclose all exculpatory material in its possession pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, including material that pertains to the credibility of Government witnesses pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). Def. Mem. at 16–19.

Pursuant to the Due Process Clause, upon a criminal defendant's request, the Government must provide evidence in its possession that is favorable to the defendant and is material either to guilt or punishment, *Brady*, 373 U.S. at 87, including evidence in possession of individuals working on the Government's behalf, *see Kyles v. Whitley*, 514 U.S. 419, 437 (1995), and

---

[3] Moreover, the Government states that it intends to provide marked trial exhibits to Defendant "well in advance of trial," Gov't Mem. at 10, which provides an additional basis for denying Defendant's motion. *See also United States v. Rigas*, 258 F. Supp. 2d 299, 305 (S.D.N.Y. 2003) (finding the Government's provision of "early discovery" and its agreement to provide "marked exhibits and witness lists" before trial to be relevant factors in denying a request for a bill of particulars).

evidence that relates to the credibility of Government witnesses, *Giglio*, 405 U.S. at 154. Such evidence must be disclosed "in time for its effective use at trial." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001).

In its opposition papers, the Government states that it "recognizes its continuing obligation to disclose all *Brady* and *Kyles* material, and to make a diligent search for any relevant material that may be in the possession of the 'prosecution team,' including investigating agents and officers," and that it "will provide timely disclosure when and if any such additional material comes to light." Gov't Mem. at 13. The Court accepts the Government's representation. *See United States v. Perez*, 940 F. Supp. 540, 553 (S.D.N.Y. 1996) (denying motion for pretrial disclosure of *Brady* and *Giglio* material because "*Brady*[ ]establishes no general right of pretrial discovery and gives rise to no pretrial remedies," and because "the government has agreed to make [the] information available to the defense . . . sufficiently in advance of the witness' testimony so as to avoid any delay at trial").

Accordingly, Defendant's motion for an order requiring early disclosure of material pursuant to *Brady* and its progeny is DENIED.

IV. <u>Statements of Co-Conspirators</u>

Finally, Defendant moves for an order requiring the Government to "disclose any statements by an alleged co-conspirator which the Government intends to introduce at trial pursuant to Federal Rule of Evidence 801(d)(2)(E)." Def. Mem. at 20. However, pursuant to the Jencks Act, "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a); *see also Coppa*, 267 F.3d at 145 ("[The] Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness

statements."). Accordingly, and based on the Government's representation that it "intends to make [the] material available to the defense at a sufficient time before trial for the defense to make effective use of such material," Gov't Mem. at 14, Defendant's motion is DENIED.

## CONCLUSION

For the reasons stated above, Defendant's motions are DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 34.

SO ORDERED.

Dated: July 1, 2019
      New York, New York

_____
ANALISA TORRES
United States District Judge