```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

            -against-

ETHAN CAVE,
                                Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/2020

18 Cr. 689-1 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Defendant, Ethan Cave, is detained at the Metropolitan Correctional Center ("MCC"), *see* Def. Letter at 1, ECF No. 63, awaiting sentencing on his plea of guilty to charges of a narcotics conspiracy and possession of a firearm in furtherance of that drug conspiracy. *See* Guilty Plea Hr'g Tr. at 12:23–13:8, ECF No. 48. Now before the Court is Defendant's application for release on bail in light of the risks posed by COVID-19. *See generally* Def. Letter. For the reasons stated below, Defendant's motion is DENIED.

I.  Legal Standard

Release of a defendant awaiting sentencing is governed by 18 U.S.C. § 3143. Defendant is subject to mandatory detention, because he pleaded guilty to "offense[s] . . . described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142," which requires detention while "awaiting imposition or execution of sentence." 18 U.S.C. § 3143(a)(2); *see* Gov't Opp. at 3, ECF No. 65. Release is permitted, however, if "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; *or* . . . an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and* . . . the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2) (emphases added).

A defendant "who cannot satisfy the criteria set forth in § 3143(a)(2) may nevertheless be released if (1) the district court finds that the conditions of release set forth in 18 U.S.C. § 3143(a)(1) have been met, *and* (2) 'it is clearly shown that there are exceptional reasons why [the defendant's] detention would not be appropriate.'" *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (quoting 18 U.S.C. § 3145(c)). Section 3143(a)(1) provides that a defendant awaiting sentencing may be released if "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." And "[e]xceptional circumstances exist where there is a unique combination of circumstances giving rise to situations that are out of the ordinary." *Lea*, 360 F.3d at 403 (internal quotation marks and citation omitted).

II.  Analysis

The Court concludes that release is not warranted under 18 U.S.C. § 3143(a)(2). First, there is no reason to believe, and Defendant does not argue, that a motion for acquittal or a

new trial will be granted in this case. Gov't Opp. at 3; *see generally* Def. Letter; Def. Reply, ECF No. 66. Second, the Government represents that it "certainly . . . does not make any recommendation that no imprisonment be imposed." Gov't Opp. at 3. Release is, therefore, not merited under § 3143(a)(2).

Nor is release appropriate under the exception to mandatory detention pursuant to § 3145(c), because Defendant has not shown by clear and convincing evidence that he does not pose a danger to the community if released. At age 25, Defendant already has five prior felony convictions, including for violent offenses such as robbery, assault, and possession of a firearm. Gov't Opp. at 2. The Government reports that Defendant was also involved in prostituting girls, including an underage girl who was only 15 or 16 years old at the time. *Id.* at 1 n.1. Moreover, Defendant has had a history of committing further offenses, including violent acts, while out on bail: In 2018, Defendant sold narcotics and committed multiple shootings during pretrial release for a 2017 weapons charge. *Id.* at 2. Defendant asserts that "there is low risk to his community if he were released under very restrictive conditions," Def. Letter at 12, but the Court is unpersuaded. In light of Defendant's troubling history of violence, and the fact that Defendant would need to be trusted not to flee the jurisdiction despite facing a mandatory minimum sentence of 15 years, *see* Gov't Opp. at 3, the Court finds that Defendant has failed to show by clear and convincing evidence that he is not a danger to the community and does not pose a risk of flight. The Court concludes, therefore, that Defendant is not entitled to relief under 18 U.S.C. § 3145(c).

Because Defendant has not established by clear and convincing evidence that he is not likely to flee or pose a danger to public safety, as required by § 3143(a)(1), the Court need not reach the "exceptional reasons" analysis of § 3145(c).

Accordingly, Defendant's application for release on bail is DENIED.

SO ORDERED.

Dated: April 29, 2020
      New York, New York

                                                  ANALISA TORRES
                                       United States District Judge